UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANDREANA REED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KINDERCARE LEARNING CENTERS, and KNOWLEDGE UNIVERSE EDUCATION,<br><br>　　　　　Defendants. | CASE NO. C15-5634BHS<br><br>ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION, GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS, AND GRANTING PLAINTIFF'S MOTION TO COMPEL ENTRY |

　　　This matter comes before the Court on Plaintiff Andreana Reed's ("Reed") motion for discovery sanctions (Dkt. 28) and motion to compel entry upon land (Dkt. 30); and Defendants KinderCare Learning Centers, LLC ("KinderCare") and Knowledge Universe Education, LLC's (collectively "Defendants") motion for clarification or reconsideration (Dkt. 58). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

# I. PROCEDURAL HISTORY

On September 2, 2015, Reed filed a complaint against Defendants alleging disability discrimination, failure to accommodate, retaliation, § 1983 violations, and wrongful termination in violation of public policy.  Dkt. 1.

On August 15, 2016, Reed filed a motion to compel production of documents. Dkt. 11.  On September 20, 2016, the Court granted the motion with certain limitations. Dkt. 42.  On October 13, 2016, Defendants filed a motion for clarification or reconsideration.  Dkt. 58.

On September 15, 2016, Reed filed a motion for sanctions.  Dkt. 28.  On September 26, 2016, Defendants responded.  Dkt. 32.  On September 30, 2016, Reed replied.  Dkt. 40.

On September 22, 2016, Reed filed a motion to compel entry upon land.  Dkt. 30. On October 3, 2016, Defendants responded.  Dkt. 43.  On October 7, 2016, Reed replied. Dkt. 51.

# II. DISCUSSION

**A.  Reconsideration**

Motions for reconsideration are governed by Local Rules W.D. Wash. LCR 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

ORDER - 2

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

In this case, Defendants request that the Court clarify or reconsider its order based on the scope of the production and the deadline for production. Defendants do not show a manifest error of law and, at most, submit new evidence that could have been brought to the Court's attention earlier. Defendants previously argued, without support, that the requested production would not be proportional to the needs of the case. The Court dismissed this argument because it declined to evaluate proportionality in the absence of actual evidence. Thus, the fact that production may be disproportionate to the needs of the case is not an issue the Court will reconsider. Moreover, based on the assertion that full production could be accomplished by October 27, 2016, the Court assumes that full production has been accomplished. Therefore, the Court denies Defendants' motion for clarification or reconsideration.

**B.  Sanctions**

Spoliation of evidence is the "destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future

litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009) (quotation omitted). "A district court's adverse inference sanction should be carefully fashioned to deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence." *In re Oracle Corp. Securities Litig.*, 627 F.3d 376, 386–87 (9th Cir. 2010).

Reed moves for discovery sanctions against Defendants because of Defendants' alleged spoliation of both physical evidence and electronically stored evidence. Dkt. 28. First, on May 18, 2016, Reed served Defendants with a notice of entry upon land to inspect the KinderCare center where Reed worked. Dkt. 31, Exh. B. On June 8, 2016, Defendants objected on multiple grounds including the assertion that the inspection would "unnecessarily interrupt the Center's activities and intrude upon the children's privacy." *Id.*, Exh. C. On June 10, 2016, Defendants closed the center without notice to Reed. On June 17, 2016, Defendants informed Reed that the center had closed and that an inspection would not be possible. *Id.*, Exh. F. In response, Reed requested more information. *Id*. On June 24, 2016, Defendants informed Reed that the fixtures/furniture were removed from the center, an inspection would not be possible, and that Reed may enter another center that had a similar layout as the center in question. *Id.*, Exh. G.

These facts show that Defendants have acted in at least a grossly negligent, irresponsible and cavalier manner with regard to the Notice of Entry upon the Lakewood center. Accordingly, the Court finds that an adverse instruction may be appropriate. The language of any instruction will be determined after Reed collects evidence from

KinderCare's other centers because, at this time, the Court is unable to properly weigh the prejudice Reed has suffered.

Second, Reed argues that Defendants "(a) failed to secure relevant email accounts prior to destruction; (b) searched for email and other records for the first time in response to this motion; and (c) possess dozens of relevant documents that were never produced or listed on a privilege log." Dkt. 40 at 2. While Defendants could have implemented better retention policies and more actively searched for electronically stored information, Reed has failed to show that Defendants have spoiled any evidence. In fact, Defendants have recently discovered and produced a relevant employee file. Dkt. 34 at 1. Therefore, the Court denies Reed's motion with regard to these issues.

**C.   Compel Entry**

In addition to sanctions for closing the center where Reed worked, Reed moves for entry into Defendants' Bothell and Kent locations. Dkt. 30. Defendants contend that the Court should deny the motion because it is untimely, Reed failed to meet and confer, the requested discovery is disproportional to the needs of the case, and the inspections would be irrelevant. Dkt. 43. The Court finds all of these arguments are without merit. The inspections have a reasonable probability of producing relevant information, they are not disproportional, and they could have been easily avoided if Defendants would have allowed Reed to inspect the center they closed. Therefore, the Court grants Reed's motion. Defendants shall allow the inspections as soon as practicable without disrupting the child care services or invading on the children's privacy.

## III. ORDER

Therefore, it is hereby **ORDERED** that Reed's motion for discovery sanctions (Dkt. 28) is **GRANTED in part** and **DENIED in part**, Reed's motion to compel entry upon land (Dkt. 30) is **GRANTED,** and Defendants' motion for clarification or reconsideration (Dkt. 58) is **DENIED**.

Dated this 16th day of November, 2016.

BENJAMIN H. SETTLE
United States District Judge